IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


RICKEY R. SWIFT                                                                                       PLAINTIFF


V.                                         CASE NO. 07-CV-1055


SGT. McAULIFEE,
El Dorado Police Department                                                              DEFENDANT


## ORDER

Before the Court is the Report and Recommendation filed August 20, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 14).  Judge Bryant recommends that Defendant's summary judgment motion be granted on the official capacity claim asserted against Defendant McAulifee.  Judge Bryant further recommends that the summary judgment motion be denied on Plaintiff's individual capacity claim against Defendant.  Defendant has responded with a timely, partial objection. (Doc. 15). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation (Doc. 14) as its own.

Defendant objects to Judge Bryant's recommendation that the motion for summary judgment be denied in part as to the individual capacity claim against Defendant.  Defendant argues that the individual claim against McAulifee was never properly asserted.  The Court is aware that the individual claim was not specifically asserted in the complaint.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that, in a §1983 action, a

plaintiff must expressly and unambiguously state an individual capacity claim in the pleading or it will be assumed that the defendant is sued only in his or her official capacity). However, as Judge Bryant correctly noted in his Report and Recommendation, the Court "has an obligation to liberally construe a *pro se* complaint." *Bracken v. Dormire*, 247 F.3d 699, 704 (8th Cir. 2001). Here, Plaintiff indicated in his response to the summary judgment motion that he intended to sue Defendant McAulifee in both his individual and official capacities. In this light, the Court construes Plaintiff's complaint to be asserting both an individual claim and an official capacity claim against Defendant.

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 14), Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The summary judgment motion is **GRANTED** on the official capacity claim asserted against Defendant McAulifee, and the official capacity claim is **dismissed with prejudice**. The summary judgment motion is **DENIED** on the individual capacity claim asserted against Defendant.

**IT IS SO ORDERED**, this 18th day of September, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge